

FILED
JOHN P. HEHMAN
CLERK
2014 MAY 15 PM 2:00
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:14-CV-00396 |
| Plaintiff, | JUDGE ALGENON L. MARBLEY |
| v. | Magistrate Judge King |
| DOUGLAS E. COWGILL and PROFESSIONAL INVESTMENT MANAGEMENT, INC., | |
| Defendants. | |

### ORDER OF PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF UPON CONSENT

**WHEREAS**, this matter has come before this Court upon motion of the Plaintiff Securities and Exchange Commission ("SEC", "Commission" or "Plaintiff") for a preliminary injunction and other ancillary relief; and,

**WHEREAS**, Defendants have consented to the entry of this Order, upon the terms set forth herein, without admitting or denying the allegations set forth in the SEC's Complaint and motion papers;

**WHEREAS**, the parties agree that Defendants' consent to this Order shall not be deemed an admission of wrongdoing;

**WHEREAS**, Defendants agree they will not oppose the enforcement of this Order on the ground, if any exists, that it fails to comply with Rule 65 of the Federal Rules of Civil Procedure, and hereby waive any objections based thereon; and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

## I. PRELIMINARY INJUNCTION

### A. SECTION 10(b) AND RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934

Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are enjoined from, directly or indirectly, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

1. employing any device, scheme or artifice to defraud;

2. making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### B. SECTIONS 206(1) and 206(2) OF THE INVESTMENT ADVISERS ACT OF 1940

Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are enjoined from, while acting as an investment adviser, by use of the mails, and the means and instrumentalities of interstate commerce directly or indirectly, knowingly, willfully or recklessly, violating Sections 206(1) and 206(2) of the Advisers Act by:

1. employing devices, schemes or artifices to defraud its clients or prospective clients; or

2. engaging in transactions, practices and courses of business which have operated as a fraud or deceit upon its clients or prospective clients.

C. **SECTION 206(4) OF THE ADVISERS ACT AND RULE 206(4)-2 THEREUNDER**

Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are enjoined from, while acting as an investment adviser with custody of client funds or securities, by use of the mails, and the means and instrumentalities of interstate commerce directly or indirectly, knowingly, willfully or recklessly, violating Section 206(4) of the Advisers Act or Rule 206(4)-2 thereunder by engaging in acts, practices or courses of business which are fraudulent, deceptive, or manipulative by:

1. Failing to notify each of their clients in writing of the name and address of the qualified custodian holding the client's funds or securities and of the manner in which the funds or securities are maintained;

2. Failing to obtain a reasonable basis, after due inquiry, for believing that the custodian sends account statements directly to each client at least quarterly; and

3. Failing to have an independent public account perform a surprise examination of the client funds and securities of which the adviser has custody at least once during each calendar year.

D. **SECTION 203(a) OF THE ADVISERS ACT**

Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are enjoined from violating, or aiding abetting

3

violations of, Section 203(a) of the Advisers Act by, while engaged in business as an investment adviser, making use of the mails or any means or instrumentality of interstate commerce in connection with his or its business as an investment adviser, unless registered with the SEC under Section 203 of the Advisers Act or exempt from registration under Section 203(b) or 203A of the Adviser Act.

## II. ORDER PROHIBITING DESTRUCTION OF RECORDS

A. Defendants, their agents, servants, employees, attorneys, brokers, banks, and those persons in active concert or participation with any of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any documents or electronically stored information, as defined in Fed. R. Civ. P. 34(a), pertaining in any way to any matter described in the complaint, or any amendment thereto, filed by the Commission in this action ("Evidence").

B. The obligations set forth in this Section II include an obligation to provide notice to all defendants' employees, custodians, agents, or contractors who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third-parties, such as an internet service provider or a cloud computing provider, if such Evidence is within defendants' control.

C. Defendants are ordered to act affirmatively to prevent the destruction of Evidence. This duty may necessitate: (1) quarantining certain Evidence to avoid its destruction or alteration; or (2) discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders.

D. Defendants are directed not to run or install any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

## III. OTHER RELIEF

A. This Court shall retain jurisdiction of this matter for all purposes.

B. Pursuant to Fed. R. Civ. P. 65(c), no security is required of the SEC.

## IV. PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing in this Order shall be construed to require that defendants abandon or waive any constitutional or other legal privilege which they may have available to them, including the Fifth Amendment privilege against self-incrimination. In turn, nothing in Order shall prevent the SEC from opposing or challenging any assertion by defendants of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

SO AGREED AND STIPULATED BY:

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | BAKER & HOSTETLER LLP, |

By: _____  By: _____
John E. Birkenheier              Marc D. Powers
175 W. Jackson Blvd., Suite 900  45 Rockefeller Plaza
Chicago, IL 60604                New York, NY 10111-0100
312-886-3947 (Birkenheier direct) 212-589-4216 (Powers direct)
312-353-7398 (fax)               212-589-4201 (fax)
birkenheierj@sec.gov             mpowers@bakerlaw.com

Counsel for Plaintiff Securities and   Counsel for Defendants Douglas E. Cowgill
Exchange Commission                    and Professional Investment Management, Inc.

IT IS SO ORDERED:

_____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

DATED: May 15, 2015