IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : | Case No. 2:14-CV-00396 |
| Plaintiff, | : : | JUDGE ALGENON L. MARBLEY |
| v. | : : | Magistrate Judge King |
| DOUGLAS E. COWGILL and PROFESSIONAL INVESTMENT MANAGEMENT, INC., | : : : : | |
| Defendants. | : | |

**ORDER**

On October 5, 2015, the Magistrate Judge granted Midwest Physician Anesthesia Services, Inc.'s ("MPAS") motion to intervene for the limited purpose of seeking relief from further administration of its pension plan under the Receivership. (Doc. 60.) This matter is now before the Court on MPAS's Motion to Compel the Production of Additional Information Regarding the Receiver's Final Valuation of Assets. (Doc. 61.) In its motion, MPAS requests that the Court: (1) order the Receiver to provide MPAS access to the Receiver's Report and the "backup" documentation for the Exit Report; (2) grant MPAS an extension of time to file its objection to the Receiver's valuation; and (3) release MPAS's pension plan assets from the current freeze resulting from the Receivership.

First, MPAS requests that the Court order the Receiver to provide MPAS access to: (1) the September 2015 Report of Receiver currently filed under seal; and (2) the "backup" documentation for the Receiver's Exit Report. MPAS contends that the Exit Report, which it received on October 5, 2015, provided no explanation or analysis regarding the Receiver's

1

methodology for the valuation appearing therein, and that without such information MPAS cannot determine whether to file an objection.

MPAS states that Plaintiff does not oppose granting MPAS access to this documentation and that the Receiver declined to state an opinion on this question because he is not a party to the case.  (*Id.* at 5.)  Defendant Cowgill filed a response in opposition to the motion (Doc. 62) on the ground that the Court granted intervenor status to MPAS only "for the limited purpose of seeking relief from further administration of its pension plan by the Receivership," which does not entitle it to access to sealed documents  (Doc. 60.)  Defendant also contends that it is unnecessary to provide access to the Report of the Receiver and the backup documentation for the Exit Report because providing MPAS with further backup material would be voluminous and costly and could delay the closure of the Receivership at the expense of other account holders.  (Doc. 62 at 2-3.)  Defendant further requests that if the Court grants the Motion to Compel, MPAS should be provided with access only to the Receiver's Report, the Dupont Report, and the supporting exhibits relating only to MPAS.  (Doc. 62 at 3.)

The Court finds that MPAS as an intervenor is entitled to have access to the September 2015 Report of Receiver as well as to the information in the Dupont Report that pertains to MPAS.  It is appropriate for MPAS to have this information and will not cause unnecessary cost or delay.  The Court therefore **GRANTS** MPAS's motion and **DIRECTS** the Receiver to send to MPAS the September 2015 Report of Receiver as well as the portion of the Dupont Report pertaining to MPAS.

Second, MPAS requests a 30-day extension of time following the receipt of the Report to file any objection to the Report.  The Court's previous Scheduling Order set the deadline of November 6, 2015 for Plans to file objections with the Receiver.  The Receiver has informed the

Court that since the filing of this motion, MPAS has filed its objection to the Report.  Therefore, MPAS's request for an extension of time is **DENIED AS MOOT**.

Finally, MPAS asks the Court to release its pension plan assets from the current freeze resulting from the Receivership.  As previously stated in its September 21, 2015 Order, it is the Court's intention to remove the freeze on accounts as soon as possible.  Once all objections have been addressed, the Court will consider a motion by the Receiver to remove the freeze on accounts to allow the Plans and individual account holders to exercise full control over their accounts.  The Court's scheduling order for the parties to submit objections and attempt to resolve those objections before the hearing that will be held on December 18, 2015, if necessary, was intended to ensure that the freeze could be lifted as soon as possible, and therefore the Court urged the Receiver and the Plans and account holders to resolve any differences expeditiously.  The Court disagrees with MPAS that MPAS and other account holders lack the ability to evaluate the basis for the Receiver's conclusions and that the winding up of the Receivership has been unnecessarily delayed.  Therefore, the Court **DENIES** MPAS's request to release its pension plan assets from the freeze.

For the reasons stated above, the Court **GRANTS** MPAS's motion to compel production and **DIRECTS** the Receiver to send to MPAS the September 2015 Report of Receiver and the portion of the Dupont Report that pertains to MPAS; **DENIES AS MOOT** MPAS's request for an extension of time to file its objection to the Receiver's valuation; and **DENIES** MPAS's request to release its pension plan assets from the current freeze resulting from the Receivership.

**IT IS SO ORDERED.**

  s/ Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:  November 19, 2015**