UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : CASE NO. 2:14-CV-00396 |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge King |
| DOUGLAS E. COWGILL and PROFESSIONAL INVESTMENT MANAGEMENT, INC., | : |
| | : |
| Defendants. | : |

## FINAL JUDGMENT BY CONSENT AS TO DEFENDANT DOUGLAS E. COWGILL

The Securities and Exchange Commission having filed a First Amended Complaint, and Defendant Douglas E. Cowgill ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the First Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting

violation of, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting violation of, Section 206(1) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1)] by, as an investment adviser, using the mails, or any means or instrumentality of interstate commerce, directly or indirectly, to employ any device, scheme, or artifice to defraud any client or prospective client.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting violation of, Section 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(2)] by, as an investment adviser, using the mails, or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting violation of, Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by, directly or indirectly, willfully making untrue statements of material facts, or willfully omitting to state material facts required to be stated, in registration applications or reports filed with the Commission under Section 203 or 204 of the Advisers Act.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, or aiding and abetting violation of, Section 203(a) of the Advisers Act [15 U.S.C. § 80b-3(a)] by, for compensation, engaging in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or, for compensation and as part of a regular business, issuing or promulgating analyses or reports concerning securities, without being registered as investment advisers and without being associated with an entity registered with the Commission as an investment adviser.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting violation of, Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2] by, directly or indirectly, failing to make and keep and preserve books and records as prescribed by the Commission, including, but not limited to, (a) a journal or other record showing all purchases, sales, receipts and deliveries of securities (including certificate numbers) for client accounts and all other debits and credits to such accounts; (b) a separate ledger account for each client showing all purchases, sales, receipts and deliveries of securities, the date and price of each purchase and sale, and all debits and credits; (c) copies of confirmations of all transactions effected by or for the account of any client; (d) a record for each security in which any client has a position, which record shall show the name of each such client having any interest in such security, the amount or interest of each such client, and the location

of each such security; and (e) a memorandum describing the basis upon which the adviser has determined that the presumption that any related person is not operationally independent under Rule 206(4)-2(d)(5) has been overcome.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting violation of, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 thereunder [17 C.F.R. § 275.206(4)-2] by, while acting as investment advisers registered or required to be registered under Section 203 of the Advisers Act, directly or indirectly, engaging in acts, practices, or courses of business, which are fraudulent, deceptive, or manipulative as defined by Rule 206(4)-2, including, but not limited to, failing to: (a) maintain client funds or securities with a qualified custodian in a separate account for each client under that client's name or in accounts that contain only clients' funds and securities, under the adviser's name as agent or trustee for the client; (b) provide written notice to clients of the qualified custodian's name, address, and the manner in which the funds or securities are maintained, promptly when the account is opened and following any changes to this information; (c) have a reasonable basis, after due inquiry, for believing that the qualified custodian sends an account statement, at least quarterly, to each client for which the adviser maintains funds or securities, identifying the amount of funds and of each security in the account at the end of the period and setting forth all transactions in the account during that period; and (d) ensure that all client funds and securities

of which the adviser has custody are verified by actual examination at least once during each calendar year by an independent public accountant, pursuant to a written agreement between the adviser and the accountant, at a time that is chosen by the accountant without prior notice or announcement to the adviser and that is irregular from year to year.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting violation of, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. § 275.206(4)-7] by, while acting as investment advisers registered or required to be registered under Section 203 of the Advisers Act, directly or indirectly, failing to: (a) adopt and implement written policies and procedures reasonably designed to prevent violation, by the adviser and its supervised persons, of the Advisers Act and the rules that the Commission has adopted under the Advisers Act; (b) review, no less frequently than annually, the adequacy of the policies and procedures established pursuant to Section 206 of the Advisers Act and the effectiveness of their implementation; and/or (c) designate an individual (who is a supervised person) responsible for administering the policies and procedures adopted under Rule 206(4)-7.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $840,574.42, representing profits gained as a result of the conduct alleged in the First Amended Complaint, together with prejudgment interest thereon in the amount of $106,609, and a civil penalty in the amount of $840,574.42, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e)(2) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant shall satisfy this obligation by paying $1,787,757.84 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Douglas E. Cowgill as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

7

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the First Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

Dated: 21 December 2015